UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUBI MEHMETI,

        Plaintiff,

v.

JOFAZ TRANSPORTATION, INC.,

        Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**

19-CV-263 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Plaintiff Subi Mehmeti ("Plaintiff"), proceeding *pro se*, filed the above-captioned Complaint on January 16, 2018 against his former employer, Defendant Jofaz Transportation, Inc. ("Jofaz" or "Defendant"). He paid the filing fee to commence this action. As Plaintiff's previous lawsuits alleging the same facts and legal claims were dismissed, the instant action is dismissed under the doctrines of *res judicata* and collateral estoppel.

    The Complaint asserts federal subject-matter jurisdiction under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Complaint at 3, ECF No. 1. Plaintiff alleges this "civil case ... is due to discrimination and retaliation by the employer, for 'serious health condition' (incapacitation)." *Id.* at 4. He asserts he had "cancer in the head" and "date of health paralysis October 3, 2012." *Id.* He states he was terminated from his job on October 3, 2012 and afterwards had surgery on October 25, 2012. *Id.* Plaintiff asserts that because of his termination and subsequent unemployment, he suffered financial losses, depression, and "total destruction as a family." *Id.* at 4-5. He alleges, in addition to his lost income, "I have spent a lot of money, the fees of lawyers in all proceedings judicial in court...." *Id.* at 4. Plaintiff does not

make any specific demand for financial relief, but he states the amount in controversy is $342,000, calculated as 76 times his monthly salary of $4,500. *Id.*

Plaintiff has previously litigated this very issue. On November 28, 2012, while represented by counsel, he filed a lawsuit against Jofaz alleging violations of the FMLA and state law in connection with his termination on October 3, 2012. In that lawsuit, Plaintiff alleged "Defendant altered the terms, conditions, and privileges of his employment because he suffered from a serious medical condition and had to take an emergency leave of absence from his job." Complaint ¶ 1, *Mehmeti v. Jofaz Transp., Inc.* ("*Mehmeti I*"), 12-CV-5880, 2015 WL 2453499 (E.D.N.Y. May 22, 2015) (Glasser, J.), ECF No. 1. On May 22, 2015, after discovery and an unsuccessful attempt at mediation, the Honorable I. Leo Glasser granted Defendant's motion for summary judgment, finding Plaintiff was terminated for leaving the school bus he was driving in an unauthorized location, and that the FMLA did not apply. *See Mehmeti I*, 12-CV-5880, 2015 WL 2453499 (Glasser, J.), *aff'd*, 649 F. App'x 112 (2d Cir. 2016) (finding Mehmeti failed to establish he gave notice to Jofaz of his intention to take leave or as soon as practicable thereafter and thus could not prevail on a claim of interference with his FMLA rights).

On December 20, 2016, Plaintiff filed a new action, proceeding *pro se* and *in forma pauperis*, with the same factual allegations, and alleged discrimination on the basis of disability in violation of Title I of the Americans with Disabilities Act ("ADA"). The Court dismissed Plaintiff's ADA claim because he failed to provide any facts in support of his claim that he was discriminated against in employment, when he was allegedly terminated "after he left his job in order to seek medical attention for conditions that apparently arose on that day." *Mehmeti v. Jofaz Transp., Inc.* ("*Mehmeti II*"), 16-CV-7085, 2017 WL 396670, at *2 (E.D.N.Y. Jan. 25, 2017) (Kuntz, J.), *amended complaint dismissed*, 2017 WL 908192 (E.D.N.Y. Mar. 7, 2017)

(Kuntz, J.). A subsequent appeal and a motion for reconsideration were both denied. *See* July 26, 2017 Order, *Mehmeti II*, 16-CV-7085, 2017 WL 396670, ECF No. 10; January 8, 2018 Order, *Mehmeti II*, 16-CV-7085, 2017 WL 396670, ECF No. 13.

On January 16, 2018, Plaintiff brought yet another action against Jofaz. *See* Complaint, *Mehmeti v. Jofaz Transp., Inc.*, 18-CV-326 (E.D.N.Y. Feb. 9, 2018), ECF No. 1. In that complaint, Plaintiff explained he temporarily parked his assigned school bus near his home while he sought medical attention for a serious health condition. *Id.* He included voluminous medical records as exhibits to that complaint. *Id.* By Order dated February 9, 2018, this Court dismissed the complaint under the doctrines of collateral estoppel and *res judicata*. *See Mehmeit v. Jofaz Transp., Inc.*, 18-CV-326 (E.D.N.Y. Feb. 9, 2018) (Kuntz, J.), *appeal dismissed*, 18-CV-477 (2d Cir. Jun. 14, 2018) (Issued as Mandate).

Although Plaintiff paid the filing fee for the instant Complaint and omitted the factual circumstances of his leaving his employment prior to his termination on October 3, 2012, the aim and outcome of this action are the same as in his previous cases against Jofaz. Collateral estoppel (issue preclusion) and *res judicata* (claim preclusion) "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id.* *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal

theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

The instant Complaint's only factual allegations—that Plaintiff was discriminated against and terminated from employment at Jofaz on October 3, 2012—and only legal argument—violation of the FMLA—were previously raised in three previous actions, *see* Docket Nos. 12-CV-5880, 16-CV-7085, and 18-CV-326, and are thus precluded by *res judicata* and collateral estoppel. Accordingly, the Complaint is dismissed.

## CONCLUSION

The Complaint is dismissed under the doctrines of *res judicata* and collateral estoppel. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK
WILLAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
January 22, 2019